IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PETER G. BROOKS                     :

                                :

   v.                               :        Civil Action No. DKC-08-3153

                                :

AGUSTIN TEODORO TRIGUERO            :

                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action is the motion to dismiss filed by Defendant Augustin Teodoro Triguero. (Paper 6). The issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing deemed necessary. The parties will be provided an opportunity to object to judicial notice of the finality of the District Court case. If no valid objection is made, the motion to dismiss will be granted.

**I.    Background**

Defendant advertised a 1991 Chevrolet Corvette for sale on eBay, a popular auction website on the Internet. In early February 2006, Plaintiff Peter G. Brooks placed a bid for $9,200 in an attempt to purchase the vehicle. At the close of the auction, Plaintiff was the high bidder with the winning bid of $9,200 and paid Defendant for the vehicle on February 21, 2006. Upon receiving the vehicle, Plaintiff immediately noticed that the odometer displayed that the vehicle had 4,275 miles. Plaintiff checked the eBay advertisement which indicated that the vehicle had 62,100 miles. The Certificate of Title for the vehicle that

Defendant provided to Plaintiff did not list the number of miles. Plaintiff contacted Defendant regarding the discrepancy between the eBay advertisement, the odometer, and the Certificate of Title. Defendant explained that the cumulative odometer mileage had been altered.

Plaintiff filed suit in the District Court of Maryland for Montgomery County alleging: (1) unfair or deceptive trade practices under the Maryland Consumer Protection Act; (2) intentional misrepresentation and non-disclosure; (3) fraud in the inducement; and (4) negligent misrepresentation.  Following a trial in May 2007, the district court found that Defendant negligently misrepresented the odometer reading and awarded Plaintiff $1,000 plus $149.50 for towing costs.  The district judge denied recovery under the Maryland Consumer Protection Act.  Plaintiff appealed the denial of Consumer Protection Act recovery to the Circuit Court for Montgomery County.  The circuit court vacated the district court judgment and remanded for a new hearing.  The district court, on remand, held a trial on April 28, 2008.  At the conclusion of the trial, the district court came to the same conclusion as to damages.  The court also held a hearing on Plaintiff's request for attorney's fees on February 9, 2009.  Final judgment was entered on the motion for attorney's fees on June 8, 2009.[1]

---

[1] According to publicly available records, the district court filed an opinion on June 4, 2009 and ruled on the motion on June 5,
(continued...)

On November 22, 2008, Plaintiff filed a complaint in this court purporting to allege: (1) violations of the Motor Vehicle Information and Cost Savings Act of 1972, 49 U.S.C. § 32071, *et seq.*; and (2) negligent misrepresentation.[2]  Plaintiff requests compensatory damages in the amount of $29,820, costs, interest, and attorney's fees.  Defendant moved to dismiss this action on the basis of *res judicata.*

## II.  Motion to Dismiss

### A.  *Res Judicata*

The doctrine of *res judicata* encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel.  *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)(citing *Allen*

---

[1](...continued)
2009.  The judgment was changed on June 8, 2009.  No appeal has been taken.  It is permissible for the court to take judicial notice of those facts:

> Pursuant to Fed.R.Evid. 201(b)(2), '[a] judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'  We note that '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'  21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977).

*Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989).  The parties will be given an opportunity to object to the taking of judicial notice.

[2]     The body of the complaint only contains one count.

*v. McCurry*, 449 U.S. 90, 94 (1980)). For a prior judgment to bar an action on the basis of *res judicata*, the prior judgment must be final, on the merits, and rendered by a court of competent jurisdiction in accordance with due process; the parties in the two actions must be either identical or in privity; and the claim in the second action must be based upon the same cause of action involved in the earlier proceeding. *See Grausz v. Englander*, 321 F.3d, 467, 472 (4th Cir. 2003).

Consideration of the defense of *res judicata* on a motion to dismiss is appropriate under the circumstances presented here:

> Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact, *see Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *Briggs v. Newberry County Sch. Dist.*, 838 F.Supp. 232, 234 (D.S.C. 1992), *aff'd*, 989 F.2d 491 (4th Cir. 1993) (unpublished).

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000); *see also Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006). Defendant attached public records from the District Court of Maryland for Montgomery to the motion to dismiss. Plaintiff does not object to inclusion of this record.

4

**B.   Analysis**

Defendant argues that the doctrine of *res judicata* precludes Plaintiff from litigating claims arising out of the sale of the vehicle because these claims were fully litigated in the District Court of Maryland for Montgomery County, Maryland.   Plaintiff opposes the motion to dismiss, but does not dispute Defendant's factual description of the previous litigation related to the sale of the vehicle.

Here, the elements of *res judicata* are satisfied.   First, there was a final judgment on the merits entered on June 8, 2009. State court judgments are final upon expiration of the time for filing an appeal.   In Maryland, "the notice of appeal shall be filed within 30 days after entry of the judgment . . . ." Md. Code Ann., Maryland Rules § 8-202(a).   The thirty day period for filing an appeal expired on July 8, 2009.   Therefore, the judgment is final.   Second, the parties in both actions are identical.   Third, the claims in this action are based on the same cause of action litigated in the earlier proceeding, namely that Defendant sold Plaintiff a vehicle with an altered odometer.

The United States Court of Appeals for the Fourth Circuit has held that "[t]he test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior

judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)(quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)(internal marks omitted).  An action is substantially the same as a prior action when it seeks the same relief and implicate the same set of material facts. *See Adkins v. Allstate Insurance Co.*, 729 F.2d 974, 976 (4th Cir. 1984).  The court has further held that "two suits constitute the same cause of action if they rely on the same facts, even though the legal theories on which recovery is based or the remedies sought are different."  *Kutzik v. Young*, 730 F.2d 149, 152 (4th Cir. 1984)(citing *Mettee v. Boone*, 251 Md. 332, 341 (1968)).  Here, Plaintiff's claims arise from the sale of the vehicle with the incorrect odometer reading.  Therefore, Plaintiff was required to bring any claims arising from this transaction in the previous litigation.

Plaintiff insists, without citing any authority, that the Motor Vehicle Information Cost Savings Act does not require federal preemption, but encourages state actions in addition to the federal suit so long as the actions are not inconsistent.  Plaintiff wholly misunderstands the doctrine of preemption.  Defendant is not asserting that Plaintiff's state law claims are preempted by federal law, but rather that Plaintiff was required to bring all claims arising from these facts, both state and federal, in the prior proceeding.  "If the claim existed at the time of the first

suit and might have been offered in the same cause of action, then it is barred by *res judicata* from being brought in a subsequent suit." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43-44 (4th Cir. 1990); *see also In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996).  "[I]n order to serve the interests of finality and avoidance of piecemeal and repetitive litigation among the same parties, the doctrine of *res judicata* holds that all claims that a plaintiff actually brought and could have brought based on the same operative set of facts are barred." *Walls v. Bank of Glen Burnie*, 135 Md.App. 229, 245 (2000).  Accordingly, the complaint will be dismissed unless a valid objection to the taking of judicial notice concerning the finality of the state court judgment is made no later than July 24, 2009.

A separate order will follow.

             _____/s/_____
             DEBORAH K. CHASANOW
             United States District Judge

7